IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> VICENTE GARCIA, <br><br> Defendant. | Case No. 08-cr-746-2 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Defendant Vicente Garcia seeks a reduced sentence release pursuant to 18 U.S.C. § 3582(c)(2). [1789]. For the reasons herein, this Court denies Defendant's motion.

**I.  Background**

On October 22, 2008, a grand jury returned a multi-count indictment charging Garcia with narcotics conspiracy and other narcotics offenses. [134]. On September 30, 2009, a superseding indictment charged Garcia with a racketeering conspiracy, in violation of 18 U.S.C. § 1962(d) (Count 1); assault with a dangerous weapon in aid of racketeering in violation of 21 U.S.C. § 1959(a)(3) (Counts 2 and 9); using and carrying a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c) (Count 3); conspiracy to commit extortion in violation of 18 U.S.C. § 1951 (Count 10); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts 11 and 13); possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a) (Count 12); and possession with intent to distribute

1

cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 14). On April 6, 2011, a jury found Garcia guilty on all counts. [845]. The Court sentenced Garcia to concurrent terms of 360 months on Count 12, 240 months on Counts 1, 2, 9, 10, and 14, and 60 months on Counts 11 and 13, as well as one term of 120 months on Count 3 to be served consecutively. [1299]. The Seventh Circuit affirmed Garcia's conviction and sentence. [1405]; *United States v. Garcia*, 754 F.3d 460, 487–88 (7th Cir. 2014).

Garcia subsequently filed a petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *United States v. Garcia*, 16-cv-11480 (N.D. Ill. Jan. 19, 2016), ECF No. 1. The Court denied Garcia's § 2255 petition in March 2017. *Id.*, ECF No. 42.

On January 6, 2021, Garcia filed a motion for compassionate release, citing risks from COVID-19 and his own health conditions as extraordinary and compelling reasons for his release. [1765]. The Government opposed. [1770]. The Court denied Garcia's motion on May 6, 2021. [1774].

Garcia now moves for a sentence reduction under 18 U.S.C. § 3582(c)(2). [1789]. He argues that Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense level for many drug offenses, should qualify him for a lower sentence. [1789]. The Government opposes Garcia's motion. [1798].

**II. Standard of Review**

Under 18 U.S.C. § 3582(c)(2), this Court may reduce a defendant's sentence if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

This Court must consider "the factors set forth in section 3553(a) to the extent that they are applicable, [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* To warrant relief, the amendment in question must have the effect of lowering the guidelines range used to sentence the defendant. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015) (declining § 3852(c) relief based on an amendment that did not have the effect of lowering the defendant's applicable guideline range).

III. Analysis

A. Amendment 782 Would Have No Effect on Garcia's Guideline Sentence Range

Applying Amendment 782 to Garcia would not have the effect of lowering the guideline range used to sentence him.

The Presentence Investigation Report calculated Garcia's offense level for Count 1, with adjustments for various offense characteristics, as 50. [1305] at 31. This number reflected the summation of all acts included in the racketeering charge. *Id.* All other counts not incorporated into Count 1 (Counts 3, 12, and 13) scored lower than 50. *Id.* at 32. When grouping counts pursuant to §3D1.4, then, the final adjusted offense level remained at the higher offense level of 50. *Id.* Offense levels scoring above 43 are treated as an offense level of 43. *Id.,* U.S.S.G. Ch. 5, pt. A, appl. note 2. With an offense level of 43 and criminal history of III, Garcia's final advisory guidelines range was life imprisonment. [1305] at 42.

Amendment 782 lowered the base offense level for drug possession counts by two levels. Applying the amendment here reduces the offense levels of Act Twelve of

3

Count 1 from 28 to 26 and Counts 12 and 13 from 28 to 26. *See* U.S.S.G. § 2D1.1(c)(7). Even with these changes, though, the base offense level and additional units of Count 1 remains 50. Grouped with the revised Counts 12 and 13, the final adjusted offense level is still treated as a 43. The advisory guidelines are therefore identical to the original range used to sentence Garcia.

Garcia also takes issue with the grouping of Count 1 and Counts 12 and 13, arguing that the latter counts were not found to be part of the overall racketeering conspiracy and should not have been combined with Count 1 at sentencing. [1803] at 3. Garcia misunderstands the sentencing court's discretion to group offenses with "a common criminal objective" that impact the same "society," a lower bar than linking acts to the same conspiracy. U.S.S.G. § 3D1.2(b), appl. note. 2. All the same, a § 3852(c)(2) motion is not the correct venue for Garcia to challenge the computation of his original sentence. *See United States v. Von Vader*, 58 F.3th 369, 371 (7th Cir. 2023) ("[A] legal contest to a sentence must be resolved by direct appeal or motion under § 2255 . . .").

Garcia is thus ineligible for a sentence reduction under § 3852(c)(2). An amendment to the guidelines only prompts such relief when it measurably lowers "the bottom-line, final range that was the basis for the sentence." *Taylor*, 778 F.3d at 672. "[D]efendants are not eligible for a reduced sentence unless their sentencing range has been lowered." *United States v. McCarroll*, 811 F.3d 975, 977 (7th Cir. 2016). Garcia cannot show such a reduction. This Court denies his motion on this basis alone.

### B. The Section 3553(a) Factors Weigh Against Release

Even if Garcia could show a reduction under Amendment 782, the Section 3553(a) factors do not favor his release. Garcia was a high-ranking leader in the Latin Kings gang in the Little Village neighborhood in Chicago, serving first as "Regional Inca," then as "Supreme Regional Inca," reporting directly to the head of the gang. *Garcia*, 754 F.3d at 465. In the latter role, Garcia "oversaw operations in all regions within his designated geographic area, implemented gang rules, ensured punishment when the rules were violated, and ordered retaliatory strikes against rival gangs." *Id.*

Garcia was found guilty of participating in a racketeering conspiracy involving murder, attempted murder, aggravated assault, extortion, and drug trafficking. *Id.* at 465. His supervision of serious violent crimes weighs strongly against early release. *See United States v. Sarno*, 37 F.4th 1249, 1253 (7th Cir. 2022) (affirming the district judge's denial of compassionate release and characterizing a "racketeering conspiracy" as a "grave and violent crime[s] with potentially deadly consequences"). Additionally, Garcia has accrued multiple disciplinary infractions in custody for possessing a dangerous weapon and assaulting other inmates. [1770] at 3-10.

Considering the totality of the factors and circumstances, the Court concludes that Ramirez continues to pose a significant danger to the public and that releasing him now from his sentence for "myriad violent crimes would not promote respect for the law." *United States v. Hoskins*, No. 21-2912, 2022 WL 2187558, at *2 (7th Cir. June 16, 2022). Garcia's sentence is "sufficient, but not greater than necessary to comply with the purposes" of sentencing. § 3553(a).

Finally, this Court denies Garcia's request for a sentencing hearing. [1789] at 5. No hearing is necessary to dispose of the motion, as Garcia is not eligible for a reduction under § 3582(c)(2) in the first place, and § 3582(c)(2) does not otherwise "authorize a full resentencing." *McCarroll*, 811 F.3d at 977.

## IV. Conclusion

For the stated reasons, this Court denies Vicente Garcia's motion for reduced sentence and request for a sentencing hearing [1789].

E N T E R:

Dated: September 18, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge